IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MITCHELL D. MCCLENDON**. | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 2:13-cv-00025 |
| | § | JURY TRIAL |
| **NUECES COUNTY, TEXAS;** and | § | |
| **P. SAENZ,** *Individually* | § | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATS DISTRICT COURT JUDGE:**

**NOW COMES** Plaintiff, Mitchell D. McClendon, filing this, his *Plaintiff's First Amended Original Complaint*, and bringing this action against Nueces County, Texas, and P. Saenz, *Individually,* as said Defendants have denied Plaintiff's rights guaranteed by the Constitution and laws of the United States of America.

### JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C. § 1391(b).

### PARTIES

2. Plaintiff Mitchell D. McClendon (hereinafter "Plaintiff") brings this suit on his own behalf and is a resident of Corpus Christi, Texas.

3. Defendant Nueces County, Texas, (hereinafter "NUECES COUNTY"), is a political subdivision of the State of Texas, and because it has previously appeared in the case, service is not necessary.

4. Defendant P. Saenz (hereinafter "Saenz") was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arises from the conduct of Defendant Saenz while acting under color of state law, and was

committed within the scope of his employment and authority with the NUECES COUNTY SHERIFF'S DEPARTMENT. Defendant Saenz has previously appeared in the case and hence, service is not necessary.

## FACTS

5. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

6. On or about February 1, 2011, Plaintiff was an inmate in the Nueces County Jail. Plaintiff was escorted, along with other inmates, to the gym by Defendant Saenz. While he was in the gym Plaintiff, a seventeen (17) year old boy was brutally attacked by inmate Edwards, a twenty-six (26) year old man with a history of violence and mental problems which if not known should have been known by the guards. Defendant Saenz was the supervisor of the inmates while they were in the gym. After Plaintiff was attacked, Defendant Saenz called the guards and informed them about the attack. When the guards arrived and examined Plaintiff they noted that he had swelling in one eye and was bleeding. The nurses tended to Plaintiff's injuries and determined that he needed further medical attention. Once Plaintiff was able to get up on his feet, he was escorted to the medical facility by officers. While in the jail medical facility he was questioned regarding his attacker and offered photos to view. Plaintiff positively identified inmate Edwards as his attacker. It was later determined that Plaintiff needed to be taken to the hospital due to his injuries.. He was then transported via the Jail Transport van to Memorial Medical Hospital,

7. Plaintiff gained knowledge that this attack on his person was not so random and that his attacker had a extensive criminal past including drug offenses, assault, attempted murder, theft, and burglary. Defendants (including Defendant Saenz) knew of such history and/or concerns and yet, did nothing to prevent this person from access to others (including Plaintiff - a minor at the time) in order to cause harm. Defendants (including Defendant Saenz) knew that based on such criminal and psychological history, there was a strong likelihood that violence would result.

8. As a result of Defendants' actions and/or inactions, Plaintiff sustained numerous injuries to his body, including, but not limited to, bruising and abrasions,, and two black eyes.

9. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

10. Furthermore, said excessive force committed against Plaintiff by said Defendants was not performed in good faith to maintain or restore discipline, but was performed maliciously, intentionally, and sadistically for the very purpose of punishing and causing harm to Plaintiff.

11. At all pertinent times, Defendant Nueces County, Texas (by and though the Nueces County Sheriff's Department) authorized and ratified the wrongful and tortuous acts and/or omissions of its officers/deputies.

**FIRST CLAIM FOR RELIEF - - §1983**

12. The allegations contained in Paragraphs 5 through 11 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

13. **Section 1983.** The Civil Rights Act of 1871 (originally the "Ku Klux Klan Act"), now codified as 42 U.S.C.S. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia,

3

subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C.S. § 1983.

14. The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself.  Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

15. 42 U.S.C.S. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Plaintiff alleges that Defendant, jointly and/or severally deprived him of his Fourth Amendment and/or Eighth Amendment rights and those rights, privileges, and immunities secured by the Fourth, Fifth, Eighth and/or Fourteenth (both as to applicability to States and based on substantive due process) Amendments to the Constitution.  Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

    a) by acting with deliberate indifference to a substantial and known risk of harm to Plaintiff;

    b) by failing to intervene, where such intervention would have prevented the injuries to Plaintiff;

    c) By failing to protect Plaintiff, who was in a "special relationship" with Defendants based no Plaintiff's incarceration and his lack of liberty to protect himself from unwanted and foreseeable attacks; and

d) in creating a danger, which otherwise would not have existed, but for the conduct of Defendants, and which made more likely the opportunity of harm to occur to Plaintiff.

16. Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting him without regard to his underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions against Plaintiff, with whom Defendants had a "special relationship" based on Plaintiff's incarceration and restraint of his personal liberty.

17. **§ 1983 - County/Municipal liability.** It is well-established that counties are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in compliance and/or in accordance with their customs, practices, policies or procedures. A county is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels.

18. Defendant County is liable herein because it (by and through its policy maker Sheriff Jim Kaelin) sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) failing to adequately supervise and/or observe inmates/detainees/arrestees, 2) by placing young first time inmates (sometimes minors such as Plaintiff), in harms way by including them in with not only the general population but with trustees that have deep-rooted psychological and violence issues, and 3) failing to train and/or discipline those employees whom are found to have violated any of the above-noted policies and/or in failing to train them to prevent such harm as occurred herein by segregating minor youth from criminals with extensive psychological histories.

19. The actions and/or inactions taken in this case were taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendants. Liability for Defendants are established under §1983 because their "ignore all policies" attitude is a persistent, widespread

practice of the county employees -- namely deputies/officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendants' unspoken policies above is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendants are liable under §1983 for failing to adopt clear policies outlining the criteria for determining, relaying and/or treating the medical (mental and otherwise) needs of inmates/detainees/arrestees.

20.     Moreover, Defendants are liable for the inadequate training of their deputies/officers under §1983. Liability attaches to Defendants because their failure to train amounts to deliberate indifference to the rights of the persons with whom they come in contact.

## DAMAGES

21.     As a result of the foregoing unlawful and wrongful acts of Defendants, Plaintiff has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to  - - pain and suffering, emotional and mental distress, and personal humiliation and shock, along with severe emotional distress.

22.     Said injuries have caused Plaintiff to incur special damages which include but are not limited to: past medical expenses, lost profits and the occurrence of attorneys' fees associated with his criminal charges.

23.     Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a § 1983 case is entitled to recover his attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

24.     In addition, Plaintiff prays for punitive damages against the individual Defendant. Punitive damages are designed to punish and deter persons such as Defendant who has engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity. Therefore, Plaintiff alleges and prays for punitive damages against the individual Defendant, as such Defendant, actually knew or should have known that his conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial of the merits, he recover compensatory damages against Defendants; jointly and severally; that Plaintiff also recover punitive damages against the individual Defendant in an amount to punish and/or deter and to make an example of the individual Defendant in order to prevent similar future conduct; and that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all prejudgment and postjudgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which she proves himself justly entitled.

        Respectfully submitted,

        GALE, WILSON & SÁNCHEZ, PLLC
        115 E. Travis, 19th Floor
        San Antonio, Texas 78205
        Telephone: (210)222-8899
        Telecopier: (210)222-9526
        E-Mail: cjgale@gws-law.com

By: /s/ Christopher J. Gale<br>
Christopher J. Gale<br>
Southern District Bar No. 27257<br>
Texas Bar Number 00793766<br>
*Attorney-in-Charge for Plaintiff*

## Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b).

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 6th day of May, 2013.

/s/ Christopher J. Gale<br>
Christopher J. Gale

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of May, 2013, the above and foregoing was sent to the following counsel of record by the means indicated below:

Ron Barroso  *Via E-File Notification*
Attorney at Law
5350 S. Staples, Suite 401
Corpus Christi, Texas 78411

/s/ Christopher J. Gale<br>
Christopher J. Gale

8